IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARL L. GOFF, RICHARD H. BARNARD,
ELEANOR R. HILL, KATHY BUTCHER,
CINDA PADGITT, and JEFFREY HILL,**

      **Plaintiffs,**

v.                                          CIVIL ACTION NO. 1:16-CV-85 (Keeley)

**EQT PRODUCTION COMPANY,** *et al.*

      **Defendants.**

ELECTRONICALLY FILED
May 10 2016
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

Defendant EQT Production Company ("EQT"), by counsel, hereby removes this action from the Circuit Court of Ritchie County, West Virginia to the United States District for the Northern District of West Virginia pursuant to 28 U.S.C. §§ 1441(a) and 1446.

This action is removable based upon diversity of citizenship under the provisions of 28 U.S.C. § 1332. The amount in controversy exceeds $75, 000.00 and the removing Defendant, EQT, asserts that the non-diverse Defendant named in Plaintiffs' Complaint was fraudulently joined in this action and its citizenship should be disregarded for jurisdictional purposes. Alternatively, EQT asserts that the non-diverse Defendant named in Plaintiffs' Complaint is a nominal party to this action.

In further support of removal, EQT states as follows:

*Pleadings and Service*

1. On or about April 19, 2016, Plaintiffs filed a Complaint in the Circuit Court of Ritchie County, West Virginia, which is captioned *Carl L. Goff, Richard H. Barnard, Eleanor R. Hill, Kathy Butcher, Cinda Padgitt, and Jeffrey Hill v. EQT Production Company, et al.* The Complaint is identified by Civil Action No. 16-C-22. A true, certified copy of the entire record from the Circuit Court of Ritchie County, West Virginia, including the Summons and Complaint, are attached hereto as "Exhibit A" pursuant to 28 U.S.C. § 1446(a).

2. In their Complaint, Plaintiffs seek compensatory and punitive damages from Defendants for alleged breach of contractual and fiduciary duties, among other things, arising from EQT's allegedly wrongful deduction of expenses from royalties owed to Plaintiffs pursuant to a lease agreement for the production and sale of natural gas.  *See* Exh. A, Complaint.

3. EQT was served with the Summons and Complaint through its designated agent for service, CT Corporation, on April 21, 2016.  Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty (30) days from the date that the defendant received formal service of process.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999) "[W]here service of process is effected on a statutory agent, the time for removal does not begin to run until the defendant has actually received a copy of the process*.*"  *Lilly v. CSX Transp., Inc*., 186 F.Supp.2d 672, 675 (S.D.W.Va. 2002).  *See accord*, *White v. Lively*, 304 F.Supp.2d 829 (W.D.Va. 2004).

4. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) because it is filed within thirty (30) days of the date of EQT's actual receipt of the Summons and Complaint.

## *Grounds for Removal*

5. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The removing Defendant, EQT, asserts that the non-diverse Defendant Hawkeye Research Incorporated ("Hawkeye") named in Plaintiffs' Complaint was fraudulently joined, or alternatively, it is a nominal party, in this action.  Disregarding Hawkeye's citizenship for jurisdictional purposes, there is complete diversity of citizenship between the remaining parties and the amount in controversy is in excess of the jurisdictional threshold of $75,000.00 exclusive of interests and costs.

6. Plaintiffs are residents of Ritchie County, West Virginia. (Complaint ¶¶ 1-6).

7. EQT is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principle place of business in the Commonwealth of Pennsylvania. *See* W.Va. Sec. of State Business Organization summary attached hereto as "Exhibit B."

8. Hawkeye is alleged to be a West Virginia corporation with its business office located at 40 Floral Drive, Harrisville, West Virginia. This Defendant is alleged to be "engaged in support activities for drilling and extracting oil and gas on Defendant EQT's behalf." (Complaint ¶ 8). As discussed below, because Hawkeye was fraudulently joined by Plaintiffs, its citizenship should be disregarded. Alternatively, this Defendant is a nominal party. Indeed, other than alleging that Hawkeye purportedly made representations to Plaintiffs while acting as an agent for and on behalf of EQT, Plaintiffs have sought no relief from Hawkeye and there is no possibility that Plaintiffs would be able to establish a cause of action against Hawkeye in state court. Having failed to state any claim against this Defendant, Hawkeye's citizenship should also be disregarded for jurisdictional purposes.

9. Hawkeye's consent to this removal is not required because it has been fraudulently joined. Alternatively, Hawkeye's consent to removal is not required as it is a nominal party. *See e.g. Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (recognizing that the consent of a fraudulently joined party is not necessary for removal); *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 (4th Cir. 2013) (recognizing that the consent of a nominal party is not necessary for removal).

*Fraudulent Joinder of the Non-Diverse Defendants*

10. The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. *See Mayes v. Rapoport,* 198 F .3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. *Id.* "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume

jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.* When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. *See Rinehart v. Consolidation Coal Co.,* 660 F.Supp. 1140, 1141 (N.D.W.Va. 1987).

11. To establish fraudulent joinder, EQT "must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.' " *See Memorandum Opinion and Order* dated June 3, 2011, *Kahle v. Chesapeake Energy Corp.*, Civil Action No. 5:11cv24, 2011 WL 2182112 (N.D. W.Va. June 3, 2011), *quoting*, *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) and *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

12. At this time, EQT does not allege outright fraud in Plaintiffs' pleading. Rather. EQT asserts that there is no possibility that Plaintiffs can establish a cause of action against the non-diverse Defendant Hawkeye.

13. In evaluating a claim of fraudulent joinder, "the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.' " *Mayes,* 198 F.3d at 464 (citation omitted). The "starting point" of a court's analysis, however, remains "the allegations of the complaint [ ] itself." *Cain v. XTO Energy Inc.*, Civil Action No. 1:11CV111, 2012 WL 1068199, *5 (N.D.W.Va. Mar. 29, 2012) (citations omitted).

14. Plaintiffs' Complaint prays for compensatory and punitive damages relating to the alleged underpayment of payment of royalties for natural gas and oil extracted from the property that is the subject of this case. *See* Complaint. Plaintiffs' claims for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duties seek relief only from

EQT for allegedly improperly withheld post-production costs, severance taxes, and other deductions from royalty. *See* Complaint, ¶¶ 26, 30, 34, 37.

15. With respect to Hawkeye, the Complaint avers that: (1) Hawkeye "was engaged in support activities for drilling and extracting oil and gas on Defendant EQT's behalf[;]" (2) "agents of … Hawkeye contacted Plaintiffs … on behalf of Defendant EQT, and requested that said Plaintiffs execute a Modification of Oil and Gas Lease … which contained a Unitization and Pooling provision, in addition to a Royalty Deduction provision …" and (3) Hawkeye purportedly made false representations to Plaintiffs regarding "the Royalty Deduction language" in the agreement and stated that "no deductions would be taken from each of the Plaintiffs' respective royalties …" *See* Complaint, ¶¶ 8, 13, 15-17.

16. While Plaintiffs claim that Hawkeye was acting as an agent for and on behalf of EQT and that, in this capacity, it purportedly made false representations to Plaintiffs regarding the provisions of a Modification of Oil and Gas Lease and the payment of royalties to be paid by EQT, Plaintiffs' Complaint does not seek any relief from Hawkeye. Critically, Plaintiffs' claims for breach of contract, fraud, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duties seek relief only from EQT for allegedly improperly withheld post-production costs, severance taxes, and other deductions from royalty. *See* Complaint, ¶¶ 26, 30, 34, 37. Indeed, Plaintiffs have no prospect of recovery with respect to their claims for Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Three) or "Breach of Fiduciary Duties" with respect to any Defendant. It is well-settled that West Virginia does not recognize breach of the duty of good faith and fair dealing as a stand-alone cause of action. *See e.g. Highmark W. Va., Inc. v. Jamie*, 221 W. Va. 487, 493-94, 655 S.E.2d 509, 516 (2007); *Stand Energy Corp. v. Columbia Gas Transmission Corp.*, 373 F.Supp.2d 631 (S.D.W.Va. 2005) (applying West Virginia law). In addition, West Virginia has never recognized a

fiduciary duty between the lessee of a gas well and the royalty owner. *See e.g. Wellman v. Bobcat Oil & Gas, Inc.*, No. 3:10cv147, 2010 WL 2720748 (S.D.W.Va. July 8, 2010); *Leggett v. EQT Production Company*, Civil Action No. 1:13CV4, 2015 WL 1212342 (N.D.W.Va. March 17, 2015); *McDonald Land Co., v. EQT Production Co.*, No. 2:11-cv-00418, 2013 WL 6098497, *20 (S.D.W.Va. Nov. 21, 2013).

17. After disregarding the citizenship of the non-diverse Defendant Hawkeye who was fraudulently joined, complete diversity exists as between Plaintiffs and EQT, making this action within the original jurisdiction of this Court. *See* 28 U.S.C. § 1332.

*Alternatively, the Non-Diverse Defendant is a Nominal Party*

18. Alternatively, the non-diverse Defendant Hawkeye is a nominal party.

19. A defendant may be considered a nominal party when "there is no possibility the plaintiff can establish a cause of action against a defendant." *See Blue Mako, Inc. v. Minidis*, 686 F.Supp.2d 579, 584 (M.D. N.C. 2007).

20. Here, as discussed, *supra*, Plaintiffs do not seek any relief from Hawkeye. Accordingly, even resolving all questions of fact and issues of law in favor of Plaintiffs, the Complaint does not allege any possible cause of action against the non-diverse Defendant.

21. Under the "nominal party exception" nominal parties, being neither necessary nor indispensable, are not required to join in the notice [of removal]. *See Canadian American Assoc. of Pro. Baseball, Ltd. v. Ottawa Rapidz*, 686 F. Supp. 2d. 579, 583,583 (M.D. N.C. 2010) *citing Moore's Federal Practice* § 107.11[1][d] (3d ed. 2009) (citing case*s); see also Mason v. Int'l Bus. Machs., Inc.*, 543 F.Supp. 444, 446 n. 1 (M.D.N.C.1982).

22.     After disregarding the citizenship of the non-diverse Defendant who is a nominal party, complete diversity exists as between Plaintiffs and EQT, making this action within the original jurisdiction of this Court. *See* 28 U.S.C. § 1332.

### *Amount in Controversy*

23.     The amount in controversy for diversity jurisdiction is met if the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Evans v. CDX Servs.,* 528 F. Supp.2d 599, 606 (S.D.W.Va. 2007) (applying preponderance standard). Here, the allegations in the Complaint provide a sufficient predicate for removal.

24.     The Complaint alleges that Plaintiffs were damaged in that their royalties have been purportedly underpaid by EQT in that post-production costs, severance taxes, and other deductions have been withheld. *See* Complaint. Plaintiffs' request compensatory and punitive damages for alleged breach of contractual and fiduciary duties, and fraud, arising from EQT's allegedly wrongful deduction of expenses from royalties owed to Plaintiffs pursuant to a lease agreement for the production and sale of natural gas. *Id*. at p. 7.

25.     While the Complaint does not specifically state an amount in controversy, the threshold amount in controversy establishing diversity jurisdiction is easily met in this case considering the record as a whole, the type and nature of damages Plaintiffs seek and the Affidavit submitted by EQT regarding the amount in controversy.

26.     The amount in controversy threshold is met if the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *See Evans v. CDX Servs.,* 528 F. Supp.2d 599, 606 (S.D. W.Va. 2007) (applying preponderance standard); *Heller v. Trienergy, Inc.*, No. 5:12CV45, 2012WL2740870, *9 (N.D. W.Va. July 9, 2012)(citations omitted) (applying preponderance standard); *Lohan v. Am. Express Co.,* 2009 WL 2567853 (S.D. W.Va. Aug. 19, 2009) (applying preponderance standard); and *Allman v.*

*Chancellor Health Partners, Inc.,* 2009 WL 514086 (N.D. W.Va. Mar. 2, 2009) (applying preponderance standard).

27. As this Court stated in *Heller, supra*, the amount in controversy is determined by considering,

> the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. In conducting this analysis, the court may consider: the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

*Heller, supra*, at *9 (citations and quotations omitted).

28. Turning to the factors to be considered, the nature and extent of Plaintiffs' alleged compensatory damages include the allegation that they are entitled to damages in the form of expenses improperly charged by EQT for the production, marketing and sale of natural gas. Plaintiffs allege that expenses were improperly deducted from royalties due to Plaintiffs for production of natural gas under the Lease, among other things. There is no allegation in the Complaint that Hawkeye is responsible for any deduction complained of by Plaintiffs nor does the Complaint allege a contract between Plaintiffs and Hawkeye.

29. The amount of royalty which Plaintiffs allege has not been paid exceeds the jurisdictional threshold of $75,000.00. *See* Exhibit C (Affidavit of Kristy Toia). As evidenced by Ms. Toia's Affidavit, EQT has reviewed the accounting records for Plaintiffs' royalties. Based on that review, the attached Affidavit demonstrates that the amount of expenses claimed for the alleged royalty underpayment exceeds $75,000.00. Accordingly, based on this allegation regarding compensatory damages, the jurisdictional threshold is met. *See* Exh. C.

30. Accordingly, based on the nature and extent of the alleged damages at issue, the amount of compensatory damages would exceed the threshold jurisdictional amount should Plaintiffs prevail.

31. Further, another consideration in determining whether the jurisdictional threshold is met is whether Plaintiffs have alleged punitive damages. "A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that the plaintiff cannot recover punitive damages in the action. *Heller* at *10 (citations omitted). Here, while EQT denies that it has engaged in any fraudulent or other conduct that would permit an award of punitive damages as requested by Plaintiffs, Plaintiffs' Complaint nonetheless alleges punitive conduct and damages. *See* Complaint.

32. Yet another consideration is whether Plaintiffs have alleged attorneys' fees. Here, while EQT denies that Plaintiffs are entitled to attorneys' fees in connection with their claims in the Complaint, Plaintiffs' Complaint includes a request for such fees. Attorneys' fees must, therefore, also be added to the amount in controversy in determining whether it is more likely than not that the threshold amount for diversity jurisdiction is met. *See Woods v. Nationwide Mut. Ins. Co.*, No. 5:5CV165, 2006 WL 1706040, *2 (N.D. W.Va. June 16, 2006).

33. Based on the foregoing, this action may be removed because this Court has original jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of the parties after the citizenship of the Non-Diverse Defendant who was fraudulently joined is disregarded and because the amount in controversy is in excess of $75,000.00.

34. The pleadings attached hereto as Exh. A constitute all of the process, pleadings and orders served upon Defendants in this action to date and have been certified by the Circuit Clerk of Ritchie County, West Virginia as required under 28 U.S.C. § 1446.

35. Venue is proper in this district pursuant to 28 U.S.C. §1441(a) because this district embraces the county in which the removed action has been pending.

36. EQT will promptly serve Plaintiffs with this Notice of Removal and will promptly file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Ritchie County, West Virginia, as required under 28 U.S.C. §1446(d), a copy of which is attached hereto as Exh. D.

**WHEREFORE**, Defendant, EQT Production Company respectfully requests that the Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Ritchie County, West Virginia to the United States District Court for the Northern District of West Virginia.

      */s/ David K. Hendrickson    05/10/2016*
David K. Hendrickson, Esquire (#1678)
Barbara A. Samples, Esquire (#5795)
**HENDRICKSON & LONG, P.L.L.C.**
214 Capitol Street (zip 25301)
P.O. Box 11070
Charleston, West Virginia 25339
(304) 346-5500
(304) 346-5515 (facsimile)
daveh@handl.com
bsamples@handl.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CARL L. GOFF, RICHARD H. BARNARD,**
**ELEANOR R. HILL, KATHY BUTCHER,**
**CINDA PADGITT, and JEFFREY HILL,**

      Plaintiffs,

v.                              CIVIL ACTION NO.  1:16-CV-85

**EQT PRODUCTION COMPANY,** *et al*.

      Defendants.

## CERTIFICATE OF SERVICE

      I, David K. Hendrickson, counsel for EQT Production Company, do hereby certify that on the **10th day of May, 2016**, I have served true and exact copies of the foregoing **"Notice of Removal"** upon counsel of record listed below, by placing the same in the United States mail, postage prepaid, addressed as follows:

        Joel Baker, Esquire
        Calvin Honaker, Esquire
        **BAKER & HONAKER, PLLC**
        P.O. Box 559
        Ripley, West Virginia   25271
        *Counsel for Plaintiffs*

                */s/  David K. Hendrickson     05/10/2016*
                David K. Hendrickson, Esquire (#1678)
                Barbara A. Samples, Esquire (#5795)
                **HENDRICKSON & LONG, PLLC**
                214 Capitol Street (zip 25301)
                P.O. Box 11070
                Charleston, West Virginia   25339
                (304) 346-5500
                (304) 346-5515 (facsimile)
                daveh@handl.com
                bsamples@handl.com